IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES A. BARNES, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:19-CV-2088-S-BK |
| § | |
| BSI FINANCIAL, ET AL., § | |
| DEFENDANTS. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for case management. On September 3, 2019, Plaintiff Charles A. Barnes, filed his *pro se Original Petition and Application for Temporary Restraining Order and Temporary Injunction* against BSI Financial, Bonnie Fry, Irma Gutierrez, and Donnie Miccio. Doc. 4. Barnes' seeks to prevent Defendants from conducting a Substitute Trustee's foreclosure sale, that was scheduled to occur on September 3, 2019, and from otherwise selling or taking possession of his property. Doc. 4 at 1, 5-6.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

In this instance, Plaintiff has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. In addition, Plaintiff has not certified in writing his efforts to give notice to Defendants or the reason why such notice is not required. Thus, having failed to comply with the legal requirements of Rule 65(b)(1), Plaintiff's *Application for Temporary Restraining Order and Temporary Injunction* should be **DENIED**.

**SO RECOMMENDED** on September 6, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).